IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE : | |
| INSURANCE COMPANY : | CIVIL ACTION |
| : | |
| v. : | NO. 15-cv-04365-RAL |
| : | |
| KAREN SKOROCHOD, et al. : | |

**MEMORANDUM OPINION**

## I.   Background of the Dispute

The defendants, the Estate of Robert D. Mills, Jr., Robert D. Mills, Jr., and Cathy Vaughn ("the Estate"), have filed a motion to compel a deposition of the plaintiff's claims adjustor, with attendant document production, and an extension of the discovery deadline. Doc. No. 32. The plaintiff, Liberty Mutual Fire Insurance Company ("Liberty Mutual") has opposed the motion. Doc. No. 33. The Estate filed a reply to Liberty Mutual's opposition. Doc. No. 35.

Robert D. Mills, Jr., 17, died on October 29, 2012. Some of the details of the accident that caused his death are disputed, but the general outlines are clear enough. He and his friend, Anthony Skorochod, were driving in an ATV on a public street in the Township of Plainfield, Pennsylvania, when Robert hit his head on a downed tree. The tree had been knocked down in a storm. Robert did not have a helmet on. He died a few days later from the blow to his head.

The Estate filed a complaint against Anthony Skorochod, the alleged driver of the ATV, and his mother, Karen Skorochod, the alleged owner of the ATV, in the Court of Common Pleas in Northampton County, Pennsylvania. Liberty Mutual, the Skorochod's property insurer, then filed this declaratory action in federal district court, seeking to

establish that it had no duty to defend or indemnify the Skorochods. Liberty Mutual named the Skorochods as defendants, as well as the Estate and Cathy Vaughn (Robert Mills' mother).

The Estate's motion to compel discovery is ripe for disposition.

## II. Discussion

Liberty Mutual argues that the Estate is not entitled to the additional discovery. Its argument centers on the limited universe of facts relevant to this declaratory judgment action under the law of Pennsylvania. Liberty Mutual contends that under Pennsylvania law only the policy and the complaint are admissible evidence on the issue of coverage. Doc. No. 33, at 4-5 (citing to *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006). Under *Kvaerner* the duty to defend cannot be triggered by allegations outside the complaint. *Id.* at 8. Liberty Mutual also points out that the cases cited to by the defendants in support of their motion involved claims of bad faith by an insurer. *Id.* at 4. Since there is no bad faith claim in this case, Liberty Mutual argues, there is no basis for deposing the claims adjustor or receiving copies of the claims files. *Id.* Finally, Liberty Mutual notes that the discovery defendants seek would "necessarily require disclosure of information which is exempt from discovery including the attorney client privilege, the work product privilege and other protected areas . . ." *Id.* at 4.

Perhaps anticipating the dispositive motion it intends to file, Liberty Mutual argues that the accident is excluded from coverage under the policy because it falls under the exclusionary language of Sections II(1)(f). Doc. No. 33, at 2. Section II(1)(f) excludes losses arising out of the use of "motor vehicles or all other motorized land conveyances . . . owned or operated by . . . an 'insured.'" Doc. No. 32-1 at 2 (page

2

reference is to ECF pagination) (Liberty Mutual Policy exclusion section). The exclusionary language has an exception for a "motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and. . . (b) Owned by an "insured" and not on an "insured location[.]" Doc. No. 32-1, at 3(ECF pagination). Liberty Mutual contends that the ATV in this case was not excepted from this general exclusion because it was on a public street at the time of the accident, not on an "insured location[.]" Doc. No. 32-1, at 3 (ECF pagination); Doc. No. 33, at 2. Liberty Mutual mentions that it intends to file a dispositive motion shortly. Doc. No. 33, at 3.

The Estate's position, perhaps anticipating its opposition to Liberty Mutual's promised motion, is that the exclusion does not apply, because of an exception to the motor vehicle exclusion for a "vehicle or conveyance not subject to motor vehicle registration which is: (a) used to service an "insured's" residence[.]" Doc. No. 32-1, at 3 (ECF pagination); Doc. No. 35, at 2-3. As for its discovery motion, the Estate wants unspecified documents from Liberty Mutual's claims file – presumably, it wants a look at the entire file - and wants to depose the claims adjustor. Doc. No. 32. The Estate argues that the "claims file is a unique, contemporaneously prepared history of the company's handling of the claim. . ." Doc. No. 32, at 4.

> Federal Rule of Civil Procedure 26(b)(1) provides for discovery of
>
> any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Here, the Estate has not explained the relevance of the materials it seeks. Indeed, the Estate has not clearly explained exactly what materials it seeks, or expects to find. The

Estate's initial memorandum focused on the supposed need to discover a "contemporaneously prepared history of the company's handling of the claim." Doc. No. 32, at 2. In an opaque sentence, the Estate spoke of its

> burden showing [*sic*] that the insurer lacked [*sic*] and that fact [*sic*] objectively reasonable basis in denying his claim, insurer [*sic*] and that the insurer knew or acted in reckless disregard of that fact [*sic*] discussing the insurer's view of the claim and rationale for denying it. As a general matter, such information is in fact highly relevant and accordingly discoverable.

Doc. No. 32, at 2. The Estate then cited to two bad faith cases, *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169 (E.D. Pa. 2004) and *Consugar v. Nationwide Ins. Co. of Am.*, 3:10CV2084, 2011 WL 2360208 (M.D. Pa. June 9, 2011). But there is no bad faith claim in this case. As a result, Liberty Mutual's handling of the claim is not a "fact . . . of consequence in determining the action." Federal Rule of Evidence 401(b). It is not relevant.

The Estate's reply memorandum seems to abandon the argument based on bad faith cases, and to acknowledge that the policy and the complaint are the two focal points of this litigation. Doc. No. 35, at 1-2. The Estate then compares the allegations of the complaint with the language of the policy and concludes that coverage is available. Doc. No. 35, at 2-6. While this may or may not be, the argument does nothing to explain why the Estate needs the deposition of the claims adjustor.

The Estate goes on to assert that it may use extrinsic evidence to demonstrate that the accident was not excluded from coverage because Anthony Skorochod was "using the ATV with a wagon attached carrying items to and from the home," among other facts. Doc. No. 35, at 3. This seems to be a reference to the exception from exclusion for vehicles "used to service an 'insured's' residence[.]" Doc. No. 32-1, at 3

4

(ECF pagination). Again, this argument does nothing to explain why the Estate needs the deposition of the claims adjustor.

The Estate argues that Federal Rule of Civil Procedure 23(b)(3)(ii) applies. Thankfully, Rule 23 does not apply to this case, as it concerns class actions. This case is not a class action. The Estate probably meant to refer to Fed. R. Civ. Pro. 26(b)(3)(A), which concerns the scope of discovery of trial preparation materials. The rule says that parties cannot ordinarily discover "documents and tangible things that are prepared in anticipation for trial by or for another party [including its insurer]." *Id.* However, if the materials are otherwise discoverable, a party may obtain the discovery if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* at §§ (b)(3)(A)(i) and (ii).

Unfortunately the Estate makes no showing of either "substantial need" or of its inability to obtain the materials it seeks – or their "substantial equivalent" - "without undue hardship[.]" *Id.*; *see* Doc. No. 35, at 4. The Estate notes that

> Mr. Mills is no longer with us. We are unable to speak to him regarding his side of the story as to defendant Anthony Skorochod's ever changing story. The evidence is buried in the claims file and there is no way I can get to that evidence without great hardship or other means.

Doc. No. 35, at 5. The Estate has made no credible showing that the absence of Mr. Mills' testimony will be remedied by rummaging through the claims file.

Nor has the Estate explained how information in the claims file might actually bear on the exclusionary language at issue in this case. One might speculate that witness interviews were conducted by the claims adjustor, or an insurance investigator, that could have some bearing on the exclusions or exceptions from exclusion contained in

5

the policy. For instance, one might suppose that Anthony Skorochod, or some other fact witnesses, were interviewed about the uses of the ATV. Nevertheless, there is no explication of such a notion in the Estate's initial or reply memoranda, much less a showing of "substantial need" for witness statements in the claims file. *See, e.g. McCann v. Miller*, CIV.A. 08-561, 2009 WL 1941206, at *2 (E.D. Pa. July 6, 2009) (explaining the showing necessary to obtain witness statements prepared in anticipation of litigation).

The deadline for completion of discovery, fixed with the consent of the parties (*see* Doc. No. 30), is fast approaching. In light of the Estate's failure to make the requisite showing, I will deny the Estate's motion. Nevertheless, a reading of *McCann* convinces me that it would be in the interests of justice, expedition, and economy (*see* Fed. R. Civ. Pro. 1) to require some disclosure of witness statements by Liberty Mutual. I find that requiring this does no violence to the proportionality requirements of Rule 26(b)(1).

I will require that Liberty Mutual identify each witness statement that it (or any representative of Liberty Mutual, or its insureds) has taken during the course of its investigation and preparation for trial in this matter and in the related state case. Liberty Mutual must also identify the date the statement was taken, the investigator who took the statement, the name of the witness, and the general subject matter of the statement. For each statement, Liberty Mutual will also identify any privilege, such as the attorney-client privilege, or the attorney work-product doctrine, that shields the document from disclosure.

Liberty Mutual's disclosure document shall comply with Fed. R. Civ. Pro. 26(b)(5).

I will enter an appropriate order.

**BY THE COURT:**


_s/Richard A. Lloret_____ _____
**RICHARD A. LLORET
UNITED STATES MAGISTRATE JUDGE**